An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HERIBERTO TORIBIO-RUIZ,
Appellant,
vs.
JACK PALMER, WARDEN; AND THE
STATE OF NEVADA,
Respondents.

No. 63657

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

On appeal from the denial of his January 7, 2008, post-conviction petition for a writ of habeas corpus, appellant argues that the district court erred in denying his claim of ineffective assistance of trial counsel at sentencing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23899

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that his trial counsel was ineffective for failing to present sufficient arguments and mitigating evidence at sentencing. Appellant fails to demonstrate his trial counsel's performance was deficient or that he was prejudiced. Trial counsel testified at the evidentiary hearing that she did speak with appellant after the jury verdict and had discussed sentencing and character evidence as part of her trial preparation. Trial counsel presented six letters in mitigation for consideration at the sentencing hearing. Trial counsel explained at the evidentiary hearing that she did not present witnesses at the sentencing hearing because she had previously presented evidence of appellant's good character at trial and that sentencing was before the same judge that had presided over the trial. Trial counsel further testified that she was aware of the change in possible sentences regarding the lewdness count but that her strategy was to argue for concurrent sentences and emphasize appellant's lack of significant criminal history and to present his character through the letters and prior testimony at trial. Appellant fails to demonstrate that there was a reasonable probability of a different outcome had trial counsel presented further argument and mitigating evidence at sentencing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. Connie J. Steinheimer, District Judge
Edward T. Reed
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk